[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11016
Non-Argument Calendar

_____

D. C. Docket No. 08-00214-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MOLINA-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 18, 2009)

Before TJOFLAT, BIRCH and FAY, Circuit Judges.

PER CURIAM:

After the district court denied his motion to suppress evidence taken from

his mobile home and statements he subsequently made to the police, appellant pled guilty to Count One of a two-count indictment, which charged him with possession with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. In tendering his plea, appellant reserved the right to appeal the court's denial of his motion to suppress. Thus, following the imposition of sentence, he lodged this appeal.

Appellant contends that the district court erred in denying his motion to suppress on a finding that he voluntarily consented to a search of his mobile home. He asserts that the evidence at best showed that he simply submitted to the police's show of authority. He also contends that any statements he made to the police after they completed the search should be suppressed under the fruit-of-the-poisonous-tree doctrine.

We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Newsome, 475 F.3d 1221, 1223 (11th Cir. 2007). Because the voluntariness of consent is a question of fact, we will not disturb a district court's finding on that issue unless it was clearly erroneous. United States v. Zapata, 180 F.3d 1237, 1240-41 (11th Cir. 1999). In reviewing the court's finding, we bear in mind that the court's determinations as to the credibility of the witnesses are matters within the court's province, as the fact-

2

finder.  Thus, in evaluating the witnesses' versions of what occurred at the scene of the challenged search, we defer to the court's determinations unless its understanding of the facts was "contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it."  United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (quotation omitted).

Under the exclusionary rule, evidence unlawfully seized from a home without a warrant in violation of the Fourth Amendment may be suppressed. Hudson v. Michigan, 547 U.S. 586, 590, 126 S.Ct. 2159, 2163, 165 L.Ed.2d 56 (2006).  Moreover, under the fruit-of-the-poisonous-tree doctrine, evidence obtained as a result and by exploitation of an illegal search, including verbal statements, is also subject to exclusion.  See Wong Sun v. United States, 371 U.S. 471, 485, 488, 83 S.Ct. 407, 416, 418, 9 L.Ed.2d 441 (1963).

While the Fourth Amendment generally prohibits the warrantless search of a person's home, the prohibition does not apply where the person voluntarily consents to the search.  Illinois v. Rodriguez, 497 U.S. 177, 181, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990).  Whether the person voluntarily consented to the search is determined by the totality of the circumstances.  United States v. Blake, 888 F.2d 795, 798 (11th Cir. 1989).  There are no "neat talismanic definitions" to show that consent was voluntary.  Id.  Generally speaking, "[i]n order for consent

3

to a search to be deemed voluntary, it must be the product of an essentially free and unconstrained choice." United States v. Garcia, 890 F.2d 355, 360 (11th Cir. 1989). Relevant factors in determining voluntariness, none of which is dispositive, include: (1) the presence of coercive police procedure, and (2) the voluntariness of the custodial status of the home owner; (2) the extent and level of his cooperation with police; (4) his awareness of the right to refuse to consent to the search; (5) his education and intelligence; and (6) his belief that no incriminating evidence will be found. Blake, 888 F.2d at 798.

Based on our review of the record and the parties' briefs, we conclude that the district court did not clearly err when it found that petitioner voluntarily consented to the search of his mobile home. We therefore affirm the court's denial of his motion to suppress and the court's judgment.

AFFIRMED.